UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL BROWN,

    Plaintiff,                               Case No. 23-cv-11244
                                             Hon. Linda V. Parker

v.

JACOB FEHR and IFS
INTERNATIONAL FREIGHT SYSTEMS, INC.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 22)

       This case arose from a motor vehicle accident on July 12, 2022. When the accident occurred, Plaintiff Sheryl Brown was a passenger on a charter bus owned by Triumph Charter ("Triumph") and insured by Amerisure Mutual Insurance Company ("Amerisure") under business automobile policy number CA 21200600007 (the "Amerisure Policy"). (*See generally* ECF No. 22-2.) The bus was struck from behind by a semi-truck, which Defendant Jacob Fehr was driving in the scope of his employment for Defendant IFS International Freight Systems, Inc. ("IFS").[1] Brown suffered preexisting conditions of her back and knees, which she alleges were exacerbated by the accident.

---

[1] Further details of the accident are not relevant for purposes of the instant motion.

The matter is currently before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 22.) The motion is fully briefed.[2] (ECF Nos. 23-24.) For the following reasons, the Court is granting Defendants' motion.

## I.   BACKGROUND

Brown asserts a third-party claim against Defendants for economic and excess economic damages. Specifically, she seeks to recover for $32,209.70 in medical bills and $15,885.00 in attendant care which were not covered by her insurance. Defendants seek summary judgment on Brown's economic damages claim, contending that: (1) the Amerisure Policy covered the Triumph charter bus at the time of the accident and allows for unlimited PIP benefits; (2) Brown is covered by the Amerisure Policy under Michigan Compiled Laws § 500.3114(2); and (3) the Amerisure Policy has first priority under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 *et seq*. (ECF No. 22, PageID.436.) As a result, Defendants argue, Brown has not suffered any damages in excess of policy limits and, consequently, the exception outlined in Michigan Compiled Laws § 500.3135(3)(c) to seek PIP benefits from Defendants does not apply. In response, Brown argues that § 500.3114(2) does not apply to her.

---

[2] The Court finds that oral argument will not aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

The following facts are uncontested: (1) Brown maintained a personal automobile insurance policy but opted out of personal injury protection ("PIP") medical coverage because she has Medicare (ECF No. 23, PageID.586); (2) the Amerisure Policy covered the Triumph charter bus at the time of the accident (ECF No. 22-2, PageID.474-475; and (3) the Amerisure Policy provides coverage for unlimited medical expenses and replacement services for up to $20 a day. (*Id.*)

## II. STANDARD

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The presence of factual disputes will preclude summary judgment only if the disputes are genuine and concern material facts. *Id*. at 248. A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, "[t]he party opposing the motion must show that

3

'there is a genuine issue for trial' by pointing to evidence on which 'a reasonable jury could return a verdict' for that party." *Smith v. City of Toledo*, 13 F.4th 508, 514 (6th Cir. 2021) (quoting *Liberty Lobby*, 477 U.S. at 248). The non-movant's evidence generally must be accepted as true and "all justifiable inferences" must be drawn in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

### III. ANALYSIS

The Michigan No-Fault Act provides that "[n]otwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(1) was in effect is abolished[.]" Mich. Comp. Laws § 500.3135(3). Consequently, to recover from Defendants, Brown must demonstrate that her claim for economic damages falls within an exception in the statute. She points to the exception in Michigan Compiled Laws § 500.3135(3)(c), which allows for the recovery of the following:

> (c) Damages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110, including all future allowable expenses and work loss, in excess of any applicable limit under section 3107c or the daily, monthly, and 3-year limitations contained in those sections, or without limit for allowable expenses ***if an election to not maintain that coverage was made under section 3107d***[.]

Brown argues that she falls within this exception as she elected not to maintain PIP coverage under § 500.3107d, as she had "qualified health coverage" in the form of Medicare parts A and B. (ECF No. 23, PageID.592.) Defendants

4

argue that Brown does not fall under this exception because she is entitled to PIP benefits under the Amerisure Policy, and it is uncontested that her economic damages do not exceed that policy's coverage.

The No-Fault Act contains the following provision relevant to Brown's claim here:

> A person who suffers accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle. This subsection does not apply to a passenger in any of the following, unless the passenger is not entitled to personal protection insurance benefits under any other policy:
>
> (a) A school bus, as defined by the department of education, providing transportation not prohibited by law.
>
> (b) A bus operated by a common carrier of passengers certified by the department of transportation.
>
> (c) A bus operating under a government sponsored transportation program.
>
> (d) A bus operated by or providing service to a nonprofit organization.
>
> (e) A taxicab insured as prescribed in section 3101 or 3102.4
>
> (f) A bus operated by a canoe or other watercraft, bicycle, or horse livery used only to transport passengers to or from a destination point.
>
> (g) A transportation network company vehicle.
>
> (h) A motor vehicle insured under a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d5 or as to which an exclusion under section 3109a(2)6 applies.

5

Mich. Comp. Laws § 500.3114(2). Pursuant to this section, if the Triumph charter bus in which Brown was riding at the time of the accident was "operated in the business of transporting passengers" and does not fall within exceptions (a)-(h), Brown is entitled to PIP benefits under the Amerisure Policy which covered the bus.

It is uncontested that the Triumph charter bus in which Brown was riding at the time of the accident was "operated in the business of transporting passengers." Brown also leaves uncontested Defendants' statement that the bus was not "a common carrier" or otherwise within exceptions (a)-(h) of Section 500.3114(2). Nor does Brown argue that she is not otherwise entitled to PIP benefits under the Amerisure Policy, or that her damages exceed that policy's limits.[3] As such, the Court finds that Brown has forfeited these arguments.[4] *See United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016); *see also Herring v. City of Ecorse*, No. 24-1916, 2025 WL 2105263, at *5 (6th Cir. Sept. 16, 2024) (quoting *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019)).

---

[3] Regardless, the Court finds that Brown would not exceed the Amerisure Policy limits as: (1) replacement services in excess of the three-year limitations are not recoverable in a third party action; (2) Brown was retired at the time of the accident and did not suffer any lost wages (ECF No. 22-3, PageID.527); and (3) Brown is entitled to PIP benefits under the Amerisure Policy issued to Triumph Charter which provides unlimited PIP coverage, including medical and attendant care expenses.

[4] The Court notes that Brown is represented by counsel.

Brown nevertheless points to the last sentence of section 500.3114(2)—"unless the passenger is not entitled to personal protection insurance benefits under any other policy"—to argue that the Amerisure Policy does not cover her injuries because she retained some PIP coverage under her own no-fault policy. (*See* ECF No. 23, PageID.589-90.) However, Brown's interpretation is flawed, as she reads the clause independent of the full sentence: "This subsection does not apply to a passenger in any of the following, *unless* the passenger is not entitled to personal protection insurance benefits under any other policy." Mich. Comp. Laws § 500.3114(2) (emphasis added).

> Michigan adheres to the following rules of statutory interpretation:
>
> When construing statutory language, the court must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined. Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted.

*Book-Gilbert v. Greenleaf*, 840 N.W.2d 743, 745-746 (Mich. Ct. App. 2013) (internal citations and quotations omitted). Reading the provision as a whole, it is clear that whether the passenger is entitled to PIP benefits under another policy is relevant for purposes of Section 500.3114(2) only *if* the motor vehicle in which the passenger was riding falls within one of the categories described in (a)-(h). In other words, the second sentence of the statute excepts from the general rule

passengers in certain categories of motor vehicles *but only if* the passenger is entitled to PIP benefits under another policy.  Because the Triumph bus did not fall within one of the listed categories, Brown's other coverage is not relevant and subsection (2) applies.

For these reasons, section 500.3114(2) is applicable, and the Amerisure Policy is first in priority for payment of Brown's PIP benefits.

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for economic and excess economic damages is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 22, 2025